# UNITED STATES DISTRICT COURT
**For the District of Massachusetts**

| | |
|---|---|
| CLINIGEN CLINICAL SUPPLIES MANAGEMENT, INC.<br><br>Applicant,<br><br>v.<br><br>TOBIN & SONS MOVING AND STORAGE, LLC d/b/a TOBIN SCIENTIFIC,<br><br>Respondent. | Case No. 26-15158 |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICANT'S MOTION TO COMPEL TOBIN SCIENTIFIC TO COMPLY WITH ARBITRATION PANEL SUMMONS PURSUANT TO 9 U.S.C. § 7

## I. INTRODUCTION

This Motion seeks enforcement of a written summons issued by the arbitration panel in the pending ICC Arbitration between THE INTERNATIONAL AIDS VACCINE INITIATIVE ("IAVI") and CLINIGEN CLINICAL SUPPLIES MANAGEMENT INC. ("Clinigen"), ICC Case No. 29877/ICA9. The summons requires Tobin & Sons Moving and Storage, LLC. d/b/a Tobin Scientific ("Tobin Scientific"), a non-party, to appear before the panel on November 30, 2026, at Convene, One Boston Place, 201 Washington Street, 2d Floor, Boston MA 02111, to testify and bring specified documents, as set forth in Schedule A, which have been deemed material to the Arbitration. The summons also allows Tobin, at its discretion, to provide the documents by November 30th, but then appear for testimony via videoconferencing at the arbitration hearing on December 9th or 10th.

The Federal Arbitration Act §7 authorizes arbitrators to summon a person to attend before them as a witness and, in a proper case, to bring material books, records, documents, or papers. See 9 USCS §7. If the summoned person refuses or neglects to obey, Section 7 authorizes the United States District Court for the District in which the arbitrators are sitting to compel that person's attendance before the arbitrators. 9 USCS §7.

Although the arbitration panel is sitting in various states and the upcoming merits hearing will be via videoconferencing, the panel or a majority of the panel members, were prepared to make themselves available to the Tobin Scientific witness in person in Boston, Massachusetts, for the summoned testimony. In the alternative, the Tobin witness was given the option of remote testimony. Because the summons requires Tobin Scientific to appear before the panel and bring the identified documents, it falls within the authority conferred by Section 7. The Court should compel compliance.

## II. STATEMENT OF FACTS

IAVI has commenced this ICC arbitration against Clinigen, pursuant to ICC Case No. 29877/ICA9. The specific details of the Arbitration are protected by a strict confidentiality order agreed to by the parties. However, in general terms the dispute arises out of allegations by IAVI that certain of its biological materials, including AIDS vaccines, were damaged while under the custody and care of Clinigen. IAVI has alleged in its most recent filing that it is entitled to $8.9M in damages, plus costs and fees. Part of IAVI's allegations involve the transport of some of those biologics at Clinigen's request, by Tobin Scientific. As such, the very limited documentation and testimony requested of Tobin has been deemed relevant to the underlying dispute by the tribunal and the attached summons for documents and testimony has been issued.

The arbitration panel consists of:

Mr. Fred Fucci – Tribunal President
Fucci Law & ADR, PLLC
41 Madison Ave., Suite 4102
New York, NY 10010
Tel. 212-763-4162
fred@fuccilaw-adr.com

Mr. Elliot E. Polebaum
POLEBAUM ARBITRATION
801 17th Street N.W., Suite 600
Washington DC 20006
Tel: +1 202.297.9057
Email: elliot.polebaum@polebaumarbitration.com

Mark J. Goldstein
2218 Broadway #102
New York, New York 10024
Tel: 212-799-8605
Email: goldstein@lexmarc.us

Although the proceedings thus far have all been via videoconferencing, the majority of the panel is prepared to sit in Boston, Massachusetts, for Tobin's testimony and production of documents on November 30, 2026. The testimony is to be taken at Convene, One Boston Place, 201 Washington Street, 2nd Floor, Boston, MA 02111 at 1:00 pm. Further, the panel has offered the witness the option of remote testimony via videoconferencing at the merits hearing on December 9th or 10th, however, the documents should be produced by November 30th.

On November 9, 2026, the panel issued and signed the written summons directing Tobin Scientific to:

a. Appear before the panel in Boston, MA on November 30, 2026, at 1pm;

b. To bring the documents identified in Schedule A of the summons; and/or

c. To provide the documents requested by November 30th, but then appear via videoconference if Tobin preferred same.

A copy of the summons is attached as Exhibit A.

As set forth in the attached Motion, the summons was provided to Tobin's counsel on November 10, 2026, the day after it was issued by the Tribunal. Tobin's counsel advised that he needed to discuss same with Tobin. The undersigned and Tobin's counsel then had a conference to answer some of Tobin's questions before Tobin's counsel could talk to them further about the summons. Tobin's then counsel advised on Friday November 13, 2026, that Tobin will not be responding to the summons, as it "does not want to be involved in the arbitration." Upon being advised of same, the summons was immediately sent by the undersigned to a Constable for formal service on Tobin. That service has now been effectuated on Tobin. See the affidavit of service annexed hereto as Exhibit B.

Despite the fact that the November 30, 2026, return date of the summons has not yet passed, the Applicant is making this motion to compel because: 1) Tobin's counsel has made it clear that Tobin does not intend to comply with the summons, and 2) because the Arbitration Tribunal has a strong preference that the November 30, 2026, date for compliance be upheld, given the upcoming merits hearing in early December.

## III. LEGAL STANDARD

Section 7 of the FAA provides that arbitrators, or a majority of them, may summon in writing any person to attend before them as a witness and, in a proper case, to bring any book, record, document, or paper deemed material as evidence. See 9 USCS §7. The summons must issue in the name of the arbitrators, or a majority of them, must be signed by them, and must be served in the same manner as a subpoena to appear and testify before the court. As detailed below, those criteria have all been met.

Notably, the Federal Arbitration Act grants this Court jurisdiction to enforce arbitral subpoenas. In this regard, see *Moyett v. Lugo-Sánchez*, 321 F. Supp. 3d 263, 265-266 (2018):

> The FAA establishes the validity and enforceability of written arbitration agreements. *See Torres-Rosario v. Marriott Int'l*, 872 F. Supp. 2d 149 (D.P.R. 2012) (Besosa, J.). According to section 7 of the FAA, arbitrators may summon any person to appear before them as a witness. 9 U.S.C. § 7. Section 7 provides that:
>
> If any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition **the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person** or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment of neglect or refusal to attend the court of the United States.

*Id* at 266.

See also *Sec. Life Ins. Co. of Am. v. Duncanson & Holt, Inc.*, 1999 U.S. Dist. LEXIS 23385, (1999) "The plain language of the statute provides that the United States district court for the district in which the arbitrator sits may compel attendance or punish for contempt in the same manner provided by law for securing the attendance of witnesses in the courts of the United States."

Further, if there is any concern that the three members of the arbitration panel sit outside of Massachusetts, that concern has been addressed by the Court in *Amgen Inc. v. Kidney Center of Del. County, Ltd.*,879 F. Supp. 878 (N.D. Ill. 1995). The *Amgen* Court addressed a procedural gap between §7 of the FAA and Federal Rule of Civil Procedure 45 (a)(2), but found that the location where the panel was sitting was not determinative,

The *Amgen* Court stated as follows:

> The *Amgen* Court recognized that the plain language of section seven of the FAA gives the arbitrator the power to summon in writing "any person" to attend before them. *Amgen Inc. v. Kidney Center of Del. County, Ltd.*,879 F. Supp. at 881 (finding there is no territorial limit on the ability of the arbitrator to issue the subpoena in

> question). Thus, an arbitrator sitting in Minnesota has the power to issue a subpoena in California. However, this Court, the court of the district in which the arbitrator sits, has the power to compel attendance before the arbitrator in the same manner provided by law for securing attendance of witnesses in the courts of the United States, but does not have the power under the Federal Rule of Civil Procedure 45(a)(2) to compel attendance at a deposition in California. However, the district court in the Central District of California, where the deposition will take place, does not have the power to enforce the arbitrator's subpoena under section seven of the FAA because it is not the court within the district where the arbitrator sits.
>
> The Court in *Amgen* found a way to close this gap while respecting the provisions of both the FAA and the Federal Rules of Civil Procedure. This Court finds persuasive the *Amgen* Court's reasoning "to find that the wording of the FAA precludes issuance and enforcement of an arbitrator's subpoena of a witness outside the district in which he or she sits...would likely lead to rejection of arbitration clauses altogether. That would be contrary to the intent of Congress in enacting a national policy favoring arbitration." *Id.* at 882.
>
> Thus, the *Amgen* Court:
>
> "directed that where the district court with the power to enforce an arbitrator's subpoena under the FAA found the subpoena enforceable, under Federal Rule of Civil Procedure 45(a)(3)(B), petitioner's attorney, as an officer of the court was directed to issue and sign the subpoena on behalf of the court for the district in which the deposition or production was compelled by the subpoena. If this Court finds the subpoena enforceable, it will direct petitioner's attorney to issue and sign a subpoena to [the summons party] with the name and case number of this action."
>
> See *Sec. Life Ins. Co. of Am. v. Duncanson & Holt, Inc.*, 1999 U.S. Dist. LEXIS 23385, *6-8(1999) citing *Amgen*.

Regardless, in this matter the majority of the panel members are willing to make themselves available in Boston on November 30, 2026, to sit for the testimony of the Tobin witness. As such, the panel has the authority to issue the summons and the location of the live testimony required complies with USCS Fed. Rules of Civ. Proc. R. 45.

Because Section 7 requires service in the same manner as a subpoena to appear and testify before a federal court, service should be made by a non-party who is at least eighteen years old, by delivering a copy to the named person and, when attendance is required, tendering the fees for

one day's attendance and the mileage allowed by law. 9 USCS§7, USCS Fed. Rules of Civ. Proc. R. 45.

In addition, Clingen refers the Court to *Meadows Indemnity Co. v. Nutmeg Ins. Co.*, 157 F.R.D. 42, in which the Court denied petitioner's motion for a protective order and compelled compliance with an arbitration summons under FAA §7.

> The power of the panel to compel production of documents from third-parties for the purposes of a hearing implicitly authorizes the lesser power to compel such documents for arbitration purposes prior to a hearing. Willis Corroon's argument requires adoption of an unnecessarily constrictive and unreasonable reading of Section 7 which would limit the ability of the arbitration panel to deal effectively with a large and complex case such as the one at hand and generally hamper the use of arbitration as a forum for dispute resolution.
>
> With respect to Willis Corroon's arguments about the burdensome nature of the subpoena, nothing has been presented which indicates that producing the documents will in fact be unduly burdensome. While Willis Corroon and BSIS are not parties to the arbitration, they are intricately related to the parties involved in the arbitration and are not mere third-parties who have been pulled into this matter arbitrarily.

*Id* at 45.

## IV. ARGUMENT

### A. <u>The Panel Issued a Written Summons Within the Authority Granted by Section 7.</u>

The summons satisfies the requirements of Section 7. It was issued in writing and signed by the full Arbitration Panel. It directs Tobin Scientific to appear before the panel as a witness and to bring identified documents deemed material as evidence in the Arbitration.

That is the procedure Section 7 expressly authorizes: the arbitrators may summon a person to attend before them as a witness and, in a proper case, to bring material books, records, documents, or papers. See 9 USCS §7. The summons does not seek an unending or unduly

burdensome number of documents. In fact, the Tribunal has already reduced the scope of documents requested by Clinigen of Tobin when it issued the summons. There are merely two categories of documents requested of Tobin in Schedule A.

Here, the panel exercised its own statutory authority by issuing a summons for testimony and accompanying documents at a panel proceeding. It has given Tobin the option of producing the documents alone on November 30th and then appearing at a remote hearing in December, but that is entirely within Tobin's discretion.

### B. This Court Is the District Court Authorized to Enforce the Summons.

The panel members sitting in New York and Washington D.C., however, or all or a majority of them are prepared to sit in Boston, Massachusetts, on November 30th for the proceeding at which Tobin Scientific has been summoned to appear. Section 7 authorizes enforcement by "the United States district court for the district in which such arbitrators, or a majority of them, are sitting." 9 USCS§ 7.

Because a majority of the panel have made themselves available to sit in Boston, within the District of Massachusetts, for the summoned proceeding, this Court is the district court designated by Section 7 to compel Tobin Scientific's attendance at same.

If Tobin chooses to waive that right to in person testimony and production of documents in Boston on November 30, 2026, it can produce the documents on November 30, 2026, and appear via videoconferencing at the merits hearing on December 9th or 10th.

### C. The Summons Was Properly Served.

The summons was provided to counsel for Tobin Scientific on November 9, 2026, and discussed with counsel at length. In addition, the summons has now been formally served on Tobin

via a Constable duly authorized to effectuate service of process in the Commonwealth of Massachusetts, who is at least eighteen years old and is not a party to the Arbitration. The server delivered the summons to Tobin Scientific at its Corporate Headquarters, located at 39 Tozer Road, Beverly, MA 01915. See the affidavit of service annexed as Ex. B.

Those service facts conform to the method prescribed for a subpoena requiring attendance pursuant to USCS Fed Rules Civ Proc. 45, as well as FAA Section 7's direction that an arbitration summons be served in the same manner as a subpoena to appear and testify before a federal court. 9 USCS §7.

**D. Tobin Scientific Has Refused or Neglected to Obey the Summons.**

The summons requires Tobin Scientific to provide the documents contained in Schedule A on November 30, 2026, and to appear for testimony in Boston that day. Tobin was also given the option of producing the documents by November 30, 2026, and appearing for testimony via video conferencing at the December merits hearing. Although the November 30, 2026, deadline has not yet expired, counsel for Tobin has advised that Tobin does not intend to comply with the summons. FAA §7 applies when a person summoned to testify shall refuse or neglect to obey the summons. Tobin Scientific's response to the summons via counsel satisfies that statutory condition.

**E. The Court Should Order Tobin Scientific to Appear Before the Panel and Bring the Summoned Documents.**

FAA §7 and all applicable case law authorizes the Court to compel the attendance of a person who refuses or neglects to obey an arbitration summons. See 9 USCS §7. A federal district court applying that provision has enforced an arbitration-issued summons against a non-party because Section 7 grants the court power to compel compliance in situations such as this. See *Moyett v. Lugo-Sanchez* , 321 F. Supp 3d 263, 266 (D.P.R. 2018).

A proposed order to compel the documentation and testimony is attached for the Court's consideration. The language of the proposed Order tracks the language and requirements of the summons. The Applicant respectfully requests that the Court issue the proposed Order, or a different Order at the Court's discretion, compelling Tobin Scientific to appear before the panel on November 30, 2026, and provide the requested documents and testimony, or, in the alternative, to provide the requested documents on November 30th and to participate in the merits hearing on December 9th or 10th via videoconferencing. This relief enforces the panel's evidentiary directive without expanding it.

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Applicant respectfully requests that the Court enter an order:

1. Granting Applicant's Motion;

2. Directing Tobin Scientific to comply with the arbitration panel's summons issued on November 9, 2026;

3. Directing Tobin Scientific, through Chief Operating Officer Erik Groszyk (or the Tobin witness most knowledgeable with the subject matter of the summons), to appear before the panel on November 30, 2026, at Convene, One Boston Place, 201 Washington, Street, 2d Floor, Boston, MA 02111, at 1:00 pm, to provide the requested documents as set forth in Schedule A;

4. In the alternative, directing Tobin Scientific to produce before the panel the documents identified in Schedule A by November 30, 2026, and, if it so chooses, to appear for testimony via videoconferencing at the merits hearing on December 9th or 10th;

5. Granting such other relief as the Court deems appropriate.

Dated: November 17, 2026

**Respectfully submitted,**

**Denis Farrell, Esq. BBO#710099**
**Traub Lieberman Straus & Shrewsberry LLP**
***Counsel for***
***Clinigen Clinical Supplies Management Inc.***
**27 Siemon Company Drive, Suite 102W**
**Watertown, CT 06795**
**203-445-1300**
**dfarrell@tlsslaw.com**

CERTIFICATE OF SERVICE

I certify that a true copy of the attached Motion to Compel was served upon each undersigned party this 18th day of November, 2026, via Regular mail and electronic mail where applicable.

THE TRIBUNAL

Mr. Fred Fucci – Tribunal President
Fucci Law & ADR, PLLC
41 Madison Ave., Suite 4102
New York, NY 10010
Tel. 212-763-4162
fred@fuccilaw-adr.com

Mr. Elliot E. Polebaum
POLEBAUM ARBITRATION
801 17th Street N.W., Suite 600
Washington DC 20006
Tel: +1 202.297.9057
Email: elliot.polebaum@polebaumarbitration.com

Mark J. Goldstein
2218 Broadway #102
New York, New York 10024
Tel: 212-799-8605
Email: goldstein@lexmarc.us

David N. Cinotti, Esq.
*Attorneys for Claimant International AIDS Vaccine Initiative*
Pashman Stein Walder Hayden, P.C.
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
201-270-4901
Dcinotti@pashmanstein.com

TOBIN & SONS MOVING AND STORAGE, LLC
dba TOBIN SCIENTIFIC
Att: Erik Groszyk, Chief Operating Officer
Corporate Headquarters
39 Tozer Road
Beverly, MA 01915

Choate, Hall & Stewart LLP
*Attorneys for Tobin Scientific*
Two International Place
Boston, MA 02110
Attention G. Mark Edgarton, Esq.
medgarton@choate.com
617-248-5101

**Denis Farrell, Esq. BBO#710099**
**Traub Lieberman Straus & Shrewsberry LLP**
***Counsel for***
***Clinigen Clinical Supplies Management Inc.***
**27 Siemon Company Drive, Suite 102W**
**Watertown, CT 06795**
**203-445-1300**
**dfarrell@tlsslaw.com**